# CHAPTER 13 PLAN

CLIENT NAME(s) X _Elizabeth P. Hanson_ Date X _1/13/17_
ELizabeTh P. Hanson Date _____

| | | |
|---|---|---|
| Outstanding tax liabilities | IRS $1136<br>NY TAX 475 | 1611 |
| Mortgage arrears | Till Present Value | ≈ 52,000.<br>4257 |
| Motor Vehicle #1 | Till Present Value | — |
| Motor Vehicle #2 | Till Present Value | — |
| Other secured debt | Till Present Value | |
| **General unsecured debt** | | |
| Total unsecured debt $ 4074<br>Paid 100 % on the dollar | | 4074 |
| ___ % co-signed debt | | |
| ___ % student loan (non-dischargeable) | | |
| Balance of legal fees for Chapter 13 | | 1875 |
| Chapter 13 Trustee Commission | | 6381 |
| Total paid through plan | | 70,198. |
| Monthly Payment 1250  Months in plan ≈ 56 | | |

___ DEBTOR(S) WILL PAY TRUSTEE DIRECTLY (NOT THROUGH EMPLOYER), BUT HEREBY REQUEST A WAGE ORDER IF 3 OR MORE PAYMENTS TO THE TRUSTEE ARE MISSED.

___ DEBTOR(S) REQUEST A WAGE ORDER TO BEGIN IMMEDIATELY

_X_ DEBTOR(S) WILL PAY TRUSTEE DIRECTLY (WITHOUT A WAGE ORDER AT ANY TIME)

L:\filecab\BK\11-Doc holder #1-above copier\PLAN SHEET.wpd

# United States Bankruptcy court
## Western District of New York

In re _____                            Chapter 13

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee in the manner indicated on the prior page.

   Total of plan payments: $ **68,427**

2. <u>Plan Length</u>: This plan is estimated to be for the number of months set forth on said prior page.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Unless the debtor surrenders the property securing an allowed secured claim, the holder of such claim shall retain the lien securing such claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328. Additionally, if this bankruptcy case is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee: 10.00%
      (2) Attorney's Fee (unpaid portion): $ **1875.** To be paid through plan in monthly payments at the rate of $125.00 per month.
      (3) Filing Fee (unpaid portion): None

   b. Priority Claims under 11 U.S.C. § 507 (if applicable)
      ☐ None

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
| IRS | 1136 | — |
| NY TAX | 475 | — |
|  |  |  |

Page 1

c. Secured Claims
   (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan (if applicable)
   ☒ None

| Name | Proposed Amount of Allowed Secured Claim |
|---|---|
|  |  |
|  |  |
|  |  |

   (4) Secured Debts Which Will Extend Beyond the Length of the Plan (if applicable)
   ☐ None

| Name | Amount of Claim |
|---|---|
| CARRINGTON MTG SERV | ≈ 128,000. |
|  |  |
|  |  |

f. Unsecured Claims (if applicable)
   (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).
   ☐ None

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
| (SEE ITEM 4b re TAX) | — | — |

   (2) General Nonpriority Unsecured: Other unsecured debts shall be paid __100__ cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee (if applicable):

   ☐ Not Applicable

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| CARRINGTON MTG SERV. | ≈ 52,000 | TILL |
|  |  |  |
|  |  |  |
|  |  |  |

Page 2

Case 1-17-10066-CLB, Doc 2, Filed 01/13/17, Entered 01/13/17 12:44:28, Description: Main Document , Page 3 of 4

6. The Debtor shall make regular payments directly to the following creditors (if applicable):

   ☐ Not Applicable

   | Name | Amount of Claim |
   |---|---|
   | CARRINGTON MTG SERV | = 52,000. |
   | | |
   | | |

7. The following unexpired lease of the debtor is/are assumed:

   ☐ Not Applicable

   | Other Party | Description of Lease |
   |---|---|
   | STEPHEN R. HANSON | RENTAL BY SON OF 275 SIEGRIED DR. WILLIAMSVILLE, NY |
   | | |
   | | |

8. The following executory contract or lease of the debtor are rejected (if applicable):

   ☑ Not Applicable

   | Other Party | Description of Contract or Lease |
   |---|---|
   | | |
   | | |

9. Property to Be Surrendered to Secured Creditor (if applicable):

   ☑ Not Applicable

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | | | |
   | | | |

10. Title to the Debtor's property shall revest in debtor on confirmation of a plan.

11. As used herein, the term "Debtor" shall include both debtors in a joint case.

12. Other Provisions:

Date X 1/13/17       Signature X Elizabeth P. Hanson
                               Debtor(s)

Date _____      Signature _____
                               Joint Debtor, if any

L:\filecab\BK\11-Doc holder #1-above copier\Chapter 13 Plan.wpd

Page 3